IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **LATRIECE NECOLE EMBRY,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-1393-O-BP |
| | § | |
| **SAFELITE FULFILLMENT, LLC,** | § | |
| | § | |
| Defendant. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On December 10, 2025, *pro se* Plaintiff Latriece Necole Embry filed a civil complaint, and this case was referred to the undersigned for judicial screening pursuant to 28 U.S.C. § 636(b) and Special Order 3. ECF Nos. 1, 3.

The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A.   NATURE OF THE CASE

This case is a new civil action.

B.   PARTIES

Latriece Necole Embry is the plaintiff. She names Safelite Fulfillment, LLC as the sole defendant.

C.   LEGAL ANALYSIS

To proceed with a civil action in this Court, a plaintiff must either pay the $405.00 filing and administrative fees or be granted permission to proceed *in forma pauperis* ("IFP"). *See* 28 U.S.C. §§ 1914, 1915. On December 16, after reviewing Plaintiff's IFP application, the Court determined that it was deficient because Plaintiff did not use the proper form, which elicits

information that is necessary for the Court to review when assessing her pauper status. ECF No. 5. The Court ordered Plaintiff to either pay the $405.00 filing and administrative fees to the clerk of Court or file an amended long-form IFP application by December 30. *Id.* The Court provided Plaintiff a copy of the IFP application form necessary to comply and warned her that failure to do so could result in dismissal of this case without further notice for failure to prosecute. *Id.*

Rule 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The deadline for Plaintiff to comply with the Court's order expired. To date, Plaintiff has not complied with the Court's order, sought an extension of time to do so, or otherwise attempted to cure her filing deficiency or communicate with the Court about her case. Because Plaintiff has not paid the requisite fees or obtained permission to proceed IFP, this case is subject to dismissal for failure to comply with Court orders and for lack of prosecution under Rule 41(b).

The undersigned therefore **RECOMMENDS** that Chief United States District Judge Reed O'Connor **DISMISS** Plaintiff's complaint for lack of prosecution or failure to follow a court order, without prejudice to being refiled. *See* Fed. R. Civ. P. 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation **within fourteen (14) days** after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a

proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

It is so **ORDERED** on January 2, 2026.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE